02-12-314-CR












 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-12-00314-CR


 
 
 David Joel Saddler
 
 
  
 
 
 APPELLANT
 
 
 
 
 V.
 
 
 
 
 The
 State of Texas
 
 
  
 
 
 STATE
 
 


----------

FROM THE 213th District Court OF Tarrant COUNTY

----------

MEMORANDUM
OPINION[1]

----------

On
June 15, 2012, as part of a plea bargain agreement, David Joel Saddler pled
guilty to theft of property, and the trial court sentenced him to six months’
confinement in a state jail facility and certified that Saddler had waived his
right to appeal.  Saddler filed a pro se notice of appeal on July 19,
2012.  On July 20, 2012, we notified Saddler’s retained trial counsel that
Saddler had filed a pro se notice of appeal, that the trial court’s certification
indicating that Saddler had waived his right to appeal had been filed in this
court, and that this appeal could be dismissed unless Saddler or any party
desiring to continue the appeal filed a response showing grounds for continuing
the appeal on or before July 30, 2012.  See Tex. R. App. P.
25.2(d), 44.3.  This same notification was sent to Saddler.  To date,
we have received no response from Saddler.

However,
we have received a response from Saddler’s trial counsel, who has informed us
that Saddler entered into a plea-bargain agreement with the State and that the
trial court followed the agreement.  Counsel also has informed us that
Saddler was informed that he would not have the right to appeal.  Further,
counsel has advised us that he did not file the notice of appeal and that he
did not encourage Saddler to file one.

Texas
has long held that a valid waiver of appeal prevents a defendant from appealing
without the trial court’s consent.  Ex parte Delaney,
207 S.W.3d 794, 796 (Tex. Crim. App. 2006); Monreal
v. State, 99 S.W.3d 615, 622 (Tex. Crim. App. 2003).  A waiver
is valid if entered voluntarily, knowingly, and intelligently.  Delaney, 207 S.W.3d at 796–97; Monreal,
99 S.W.3d at 617; Ex parte Tabor, 565 S.W.2d
945, 946 (Tex. Crim. App. 1978).  In the present case, the trial
court’s certification states that Saddler has waived his right to appeal. 
We also note that this was a plea-bargain case in which the punishment did not
exceed the State’s recommendation.  In such a case, a defendant may appeal
only those matters that were raised by written motion filed and ruled on before
trial, or after getting the trial court’s permission to appeal.  Tex. R.
App. P. 25.2.  Saddler has not shown that his waiver was invalid or that,
despite his waiver, the trial court nonetheless granted permission to appeal,
and he has not advised us that he wishes to appeal matters raised by written
motion and ruled on before trial.  Accordingly, we hold that Saddler has
waived his right to appeal, and we order this appeal dismissed.  See
Monreal, 99 S.W.3d at 622–23; see also
Tex. R. App. P. 43.2(f).

 

 

PER
CURIAM

PANEL: 
GABRIEL, J.; LIVINGSTON, C.J.; and DAUPHINOT, J.

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  September
6, 2012 



 

 


 
 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO.
02-12-00314-CR

 

 


 
 
 David
 Joel Saddler
  
  
  
 v.
  
  
  
 The
 State of Texas
 
 
 §
  
 §
  
 §
  
 §
  
 §
 
 
 From
 the 213th District Court
  
 of
 Tarrant County (1256786D)
  
 September
 6, 2012
  
 Per
 Curiam
  
 (nfp)
 
 


 

 

JUDGMENT

         
This court has considered the record on appeal in this case and holds that the
appeal should be dismissed.  It is ordered that the appeal is dismissed.

 

SECOND DISTRICT COURT OF APPEALS 

 

 

PER CURIAM

 














[1]See
Tex. R. App. P. 47.4.